1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11 | 13231 SUNDANCE LLC,            CASE NO. 11cv479-WQH-WMC

12 |          Plaintiff,        ORDER

vs.

13 | JUDY ECKLUND and DOES 1-10,

14 |          Defendants.

15 HAYES, Judge:

16       The matter before the Court is the Motion to Remand Case to State Court ("Motion to

17 Remand") (ECF No. 2).

18                             BACKGROUND

19       On February 10, 2011, Plaintiff 13231 Sundance LLC initiated this action by filing a

20 Complaint for Unlawful Detainer in San Diego County Superior Court, where it was assigned

21 case number 37-2011-00042705-CL-UD-CTL. (ECF No. 1-2 at 27). The Complaint alleges

22 that Plaintiff purchased real property located at 7423 Draper Avenue, La Jolla, California at

23 a non-judicial foreclosure trustee's sale in January 2011. The Complaint alleges that Plaintiff

24 served Defendant with written notice requiring her to pay rent or vacate the property. The

25 Complaint alleges that Defendant failed to pay rent or vacate the property. The Complaint

26 alleges a single claim for unlawful detainer under California law, seeking possession of the

27 property and "[l]ess than $10,000" in damages. *Id.*

28       On March 9, 2011, the action was removed to this Court. (ECF No. 1). The Notice of

1  Removal was filed by Defendant Judy Ecklund, proceeding pro se, and "Sean M. Park,

2  Intervening Defendant Pro Se/In Propria Persona." *Id*. at 22.  The Notice of Removal states

3  that removal is based upon 28 U.S.C. §§ 1332 (diversity of citizenship), 1441 (actions

4  removable generally), 1443(1) (civil rights cases), and 1446 (procedure for removal).  *See id*.

5  at 1.

6      On March 16, 2011, Plaintiff filed the Motion to Remand.  (ECF No. 2).  Plaintiff

7  contends that remand is warranted because the Court does not have subject-matter jurisdiction

8  over this action.

9      On March 30, 2011, Park filed an opposition to the Motion to Remand.  (ECF No. 7).

10  Park contends that the sale of the property at issue to Plaintiff is "void" and "illegal." *Id*. at

11  18.  Park contends that the action "must ... not [be] remanded back to Superior Court due to

12  clear evidence of abuse of discretion by ... judicial officers of the San Diego Superior Court."

13  *Id*. at 5.  Park contends that removal was warranted pursuant to 28 U.S.C. § 1443(1), which

14  governs removal of civil rights cases.

15      On April 6, 2011, Park filed a Motion to Dismiss Eviction Action Pursuant to Rule

16  12(b)(6).  (ECF No. 8).

17                                    DISCUSSION

18      A defendant may remove a civil action from state court to federal court pursuant to the

19  general removal statute, based on either federal question or diversity jurisdiction.  *See* 28

20  U.S.C. § 1441.  Federal jurisdiction may not "rest upon an actual or anticipated counterclaim."

21  *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1272 (2009); *see also id.* at 1273 ("[C]ounterclaims,

22  even if they rely exclusively on federal substantive law, do not qualify a case for federal-court

23  cognizance.").  "The removal statute is strictly construed, and any doubt about the right of

24  removal requires resolution in favor of remand."  *Moore-Thomas v. Alaska Airline, Inc.*, 553

25  F.3d 1241, 1244 (9th Cir. 2009) (citation omitted).  The presumption against removal means

26  that "the defendant always has the burden of establishing that removal is proper."  *Id*.

27      The Notice of Removal contains a reference to diversity jurisdiction and 28 U.S.C. §

28  1332. (ECF No. 1 at 1-2).  Federal subject matter jurisdiction under 28 U.S.C. § 1332 requires

complete diversity of citizenship and an amount in controversy in excess of $75,000. *See* 28 U.S.C. § 1332(a)(1). The amount in controversy is determined from the allegations or prayer of the complaint. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). "[D]iversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

Plaintiff's Complaint seeks less than $10,000, as stated on the face of the Complaint. (ECF No. 1-2 at 27). The Complaint alleges that "[t]he amount of damages claimed in this action does not exceed $10,000." *Id.* at 28. In unlawful detainer actions, the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy. *See Evans v. Superior Court*, 67 Cal. App. 3d 162, 170-71 (1977) ("[I]n a summary proceeding for unlawful detainer 'the right to possession alone was involved, and the broad question of title could not be raised and litigated by cross-complaint or affirmative defense.' ... Real parties are not left without a remedy. The issues which they seek to litigate can be pursued by way of quiet title actions. Those issues not being cognizable in unlawful detainer, the judgments in the pending matters will not be res judicata as to them.") (quoting *Cheney v. Trauzettel*, 9 Cal. 2d 158, 159 (1937)); *cf.* Cal. Code Civ. Pro. § 86(a)(4) ("The following proceedings are limited civil cases: ... (4) Proceedings in ... unlawful detainer where the whole amount of damages claimed is twenty-five thousand dollars ($25,000) or less."). The Court finds that the amount in controversy requirement is not satisfied.

The Complaint alleges that Plaintiff is a California limited liability company and Defendant resides in the subject property in California. The Complaint contains no other allegations related to the citizenship of the parties. The Court finds that neither the Notice of Removal nor the opposition to the Motion to Remand adequately allege the citizenship of the owners or members of Plaintiff, a limited liability company. *Cf. Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that for the purposes of determining diversity of citizenship, a limited liability company or a partnership "is a citizen of every state of which its owners/members are citizens"). Accordingly, the Court finds that the complete diversity of citizenship requirement has not been established.

The Notice of Removal alleges that removal is proper pursuant to 28 U.S.C. § 1443(1). Section 1443 provides that a Defendant may remove from the state court any action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). Section 1443(1) presents a "specific and extremely narrow" ground for removal. *Davis v. Superior Ct. of Cal.*, 464 F.2d 1272, 1273 (9th Cir. 1972). "A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788-92, 794-804 (1966) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824-28 (1966)." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id*. (quotation omitted).

The Court has reviewed the Notice of Removal and the other pro se filings liberally. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (courts "have a duty to construe pro se pleadings liberally"). The Notice of Removal cites two statutes which protect equal racial civil rights, 42 U.S.C. §§ 1981 and 1982, *see* ECF No. 1 at 9, but the Notice of Removal fails to adequately allege how these statutes operate as a defense to the unlawful detainer action in this case. The Notice of Removal alleges that "the customs, practices, and policies of Department 5 of the San Diego Superior Court of the State of California" have prevented Defendant and her "landlord Sean M. Park" from "bring[ing] any effective defenses in response to ... [the] Unlawful Detainer action." (ECF No. 1 at 8; *see also* ECF No. 7 at 5 (contending that the action "must ... not [be] remanded back to Superior Court due to clear evidence of abuse of discretion by ... judicial officers of the San Diego Superior Court"). These allegations are insufficient to constitute "reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Patel*, 446 F.3d at 999 (quotation omitted); *cf. California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970)

1  ("Bad experiences with the particular court in question will not suffice.").  After review of the

2  Notice of Removal, the Complaint, and the other filings in this case, the Court finds that

3  neither part of the two-part test governing § 1443(1) removals has been satisfied.

4        The Court concludes that this action must be remanded for lack of subject matter

5  jurisdiction.

6                                   CONCLUSION

7        IT IS HEREBY ORDERED that the Motion to Remand Case to State Court is

8  GRANTED.  (ECF No. 2).  Pursuant to 28 U.S.C. § 1447(c), this action is REMANDED for

9  lack of subject matter jurisdiction to San Diego County Superior Court, where it was originally

10  filed and assigned case number 37-2011-00042705-CL-UD-CTL.  The Motion to Dismiss

11  Eviction Action Pursuant to Rule 12(b)(6) is DENIED without prejudice.  (ECF No. 8).

12  DATED:  May 2, 2011

13                                   _William Q. Hayes_____

14                                   **WILLIAM Q. HAYES**
                                     United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28